

**Steven Cooper**
Direct Phone: +1 212 205 6027
Email: scooper@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

February 21, 2022

**By ECF**
The Honorable J. Paul Oetken
United States District Judge
United States District Court, Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Hotel Association of New York City v. City of New York, et al.*, 21-cv-8321 (JPO)

Dear Judge Oetken,

Plaintiff Hotel Association of New York City ("HANYC"), by and through its attorneys, Reed Smith LLP, respectfully submits this Letter to update the Court on recent developments concerning the Severance Law, which heighten the urgent need for a preliminary injunction.

On February 17, 2022, the New York Hotel and Motel Trades Council, AFL-CIO (the "Hotel Union") submitted a grievance against the Hyatt Centric Wall Street, one of HANYC's member hotels, asserting that the hotel failed to make payments to employees as required by the Severance Law. *See* Exhibit A attached. A mediation hearing was promptly held on February 18, 2022, at which the Union sought the $500 per week per eligible employee, plus penalties. Pursuant to the Industry-Wide Collective Bargaining Agreement between HANYC and the Union, the mediation was a necessary predicate to the Union filing an arbitration against the hotel. Now that the mediation is over, the Union will likely file an arbitration, which could then be set on an expedited schedule.

In its motion papers, HANYC indicated that there existed a strong likelihood that the Union would file arbitrations to enforce the Severance Law while this litigation was pending. *See* ECF No. 23 at 15-16. The City argued in opposition that "HANYC has not established that any such litigation is imminent." ECF No. 26 at 11. It is now imminent. As previously submitted, an arbitrator's decision would set a precedent and could result in inconsistent judgments.

If the arbitrator awards the severance, this decision will undoubtedly be used in further arbitral proceedings against unionized hotels. This can result in rulings inconsistent with proceedings in state courts (which have jurisdiction over employee claims), and with the ultimate ruling of this Court. Among other things, this could lead to a schism in decisions between unionized and non-unionized hotels (as non-unionized employees cannot seek arbitration), the enforcement of an unenforceable law, and leave hotels unsure of how to conduct themselves while litigation plays out. *See* ECF No. 23 at 15-16. These risks underscore the need for an order granting the preliminary injunction.

Additionally, each week many hotels continue to be damaged by Severance Law that HANYC submits is unconstitutional and preempted, in the face of a downturn in occupancy due to the recent



February 21, 2022
Page 2

Omnicron Covid variant. HANYC members have paid in excess of *ten million dollars* in severance payments since the Law's enactment (averaging over $550,000 per week across the 17 weeks since the Law was enacted). Until the law is either struck down as invalid or expires, hotels will be subject to an ongoing obligation to make additional payments—without a meaningful ability to recover these payments from employees, post-judgment.

This is juxtaposed against declining occupancy rates. The average City-wide occupancy rate for December 2021 was approximately 70%, but dropped to approximately 40% for January 2022, with the rise of the Omicron variant. Many HANYC hotels reported occupancy rates below 25% for the month of January. Because the Severance Law requires hotels to recall 25% of their employees to become exempt from its onerous payments to laid-off staff, these hotels are overstaffed, forced by the law to discard rational business planning and to operate inefficiently.

HANYC appreciates both that the Court has a full docket and that the issues here are complex. Given the recent developments, and the substantial ongoing burden the Severance Law imposes on hotels, HANYC respectfully requests that the Court clarify the issues at stake as soon as practicable. If the Court is willing to entertain a temporary restraining order pending a decision on the submitted briefing, HANYC is prepared to apply for such relief.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

*/s/ Steven Cooper*
Steven Cooper
*Counsel for Plaintiff*

cc:   Attorneys for Defendant (via ECF)